UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

DANIELLE RENEE FEKEITH,

      **Plaintiff,**

v.                                                                    **Case No: 6:21-cv-1631-DAB**

COMMISSIONER OF SOCIAL
SECURITY,

      **Defendant.**

---

## MEMORANDUM OF DECISION

Danielle Fekeith ("Claimant") appeals from a final decision of the Commissioner of Social Security (the "Commissioner") denying her application for disability and disability insurance benefits protectively filed on April 28, 2020, and alleging a disability onset date of May 10, 2018. Doc. No. 1; R. 10. Claimant argues that the decision should be reversed because substantial evidence does not support the determination of the Administrative Law Judge ("ALJ") that she had the residual functional capacity ("RFC") to perform sedentary work requiring frequent interaction with supervisors, co-workers, and the public. Doc. No. 22 at 14-18; R. 15. Claimant also contends that substantial evidence does not support the exclusion of any manipulative limitations from the ALJ's assessment of her RFC. Doc. No. 22 at 24-27; R. 15. Because substantial evidence does not support the exclusion of manipulative limitations from the ALJ's RFC assessment, the final

decision of the Commissioner is **REVERSED and REMANDED** for further proceedings.

## I.      STANDARD OF REVIEW.

The Commissioner's findings of fact are conclusive if supported by substantial evidence. 42 U.S.C. § 405(g). Substantial evidence is more than a scintilla–i.e., the evidence must do more than merely create a suspicion of the existence of a fact and must include such relevant evidence as a reasonable person would accept as adequate to support the conclusion. *Biestek v. Berryhill*, 139 S. Ct. 1148, 1154 (2019) ("Under the substantial-evidence standard, a court looks to an existing administrative record and asks whether it contains 'sufficien[t] evidence' to support the agency's factual determinations." (alteration in original)); *Foote v. Chater*, 67 F.3d 1553, 1560 (11th Cir. 1995) (per curiam) (citing *Walden v. Schweiker*, 672 F.2d 835, 838 (11th Cir. 1982); *Richardson v. Perales*, 402 U.S. 389, 401 (1971)). Where the Commissioner's decision is supported by substantial evidence, the District Court will affirm, even if the reviewer would have reached a contrary result as finder of fact, and even if the reviewer finds that the evidence preponderates against the Commissioner's decision. *Edwards v. Sullivan*, 937 F.2d 580, 584 n.3 (11th Cir. 1991); *Barnes v. Sullivan*, 932 F.2d 1356, 1358 (11th Cir. 1991) (per curiam). The Court must view the evidence as a whole, considering evidence that is favorable as well as unfavorable to the decision. *Foote*, 67 F.3d at 1560. The

District Court "may not decide the facts anew, reweigh the evidence, or substitute [its] judgment for that of the [Commissioner]." *Bloodsworth v. Heckler*, 703 F.2d 1233, 1239 (11th Cir. 1983).

## II.    ANALYSIS.

The ALJ found that Claimant had the following severe impairments: thoracic disc disease, mild lumbar disc disease, obesity, sleep apnea, plantar fasciitis, headache syndrome, anxiety disorder, hypothyroidism, hypertension, diabetes mellitus, asthma, GERD, restless leg syndrome, depressive disorder, and carpal tunnel syndrome. R. 12. Despite these impairments, the ALJ found that Claimant had the RFC

> to perform sedentary work as defined in 20 CFR 404.1567(a) except occasional use of foot controls and the need to avoid concentrated exposure to humidity, wetness, dust, fumes, gases, or extremes of cold and heat. Mentally, she is capable of only routine and repetitive tasks with a reasoning level of no more than 2, performed in a work environment with only frequent interaction with supervisors, coworkers, and the public, as well as the ability to be off task up to 10% of the 8-hour workday.

R. 15.[1] On the basis of testimony from a vocational expert ("VE"), the ALJ found that Claimant could not perform her past relevant work as a patient scheduler and

---

[1] "Sedentary work involves lifting no more than 10 pounds at a time and occasionally lifting or carrying articles like docket files, ledgers, and small tools." 20 C.F.R. § 404.1567(a). "Although a sedentary job is defined as one which involves sitting, a certain amount of walking and standing is often necessary in carrying out job duties. Jobs are sedentary if walking and standing are required occasionally and other sedentary criteria are met." *Id.*

personnel scheduler but that she could perform other work in the national economy, such as an addressing clerk, film touchup inspector, or brake lining coater. R. 20-22, 62-65. The ALJ thus found that Claimant was not disabled from May 10, 2018, through February 25, 2021, the date of the ALJ's decision. R. 22.

Claimant argues that substantial evidence does not support the ALJ's determination that she can perform sedentary work requiring frequent interaction with supervisors, co-workers, and the public because the ALJ also found that she had only moderate (not severe) limitations in her social functioning or in interacting with others (R. 13-14). Doc. No. 22 at 14-18. According to Claimant, "the ALJ does not explain how an RFC limitation to 'frequent' contact with coworkers, supervisors, and the public is consistent with his finding that [Claimant] has 'moderate' limitations in social functioning." *Id.* at 18. Claimant contends that "this amount of contact is tantamount to only 'mild' or no limitations in social functioning." *Id.* "Accordingly, the VE's testimony in response to [the] hypothetical question [regarding frequent interaction with supervisors, co-workers, and the public] is not based upon substantial evidence" (R. 63-64). *Id.*

However, "'[f]requent' is defined as occurring from one-third to two-thirds of the time." *Torres v. Berryhill*, No. 6:16-cv-1888-Orl-DNF, 2018 WL 1225098, at *5 (M.D. Fla. Mar. 9, 2018) (citing SSR 83-10); *see* SSR 83-10, 1983 WL 31251, at *6 (Jan. 1, 1983). "Despite [Claimant's] argument, the Court finds no necessary

inconsistency between the ALJ's finding that [Claimant] had moderate limitations in social functioning at step three and [his] finding that [Claimant] is restricted to . . . frequent interaction with the public, coworkers, and supervisors." *Torres*, 2018 WL 1225098, at *5. "The ALJ explained [his] reasoning in [his] decision and [his] findings are supported by substantial evidence" (R. 13-14). *Id.* Claimant's argument is thus without merit.

The Court remands this case, however, because, as Claimant points out, the ALJ did not include any manipulative limitations in the RFC assessment despite finding that Claimant's carpal tunnel syndrome was a severe impairment (R. 12, 15). Doc. No. 22 at 24-27. A "non-severe impairment" is one that "does not significantly limit [a claimant's] physical or mental ability to do basic work activities." 20 C.F.R. § 404.1522. The ALJ's "finding that [Claimant] had a severe impairment of carpal tunnel syndrome means that [Claimant] had a hand condition that significantly affected [her] ability to perform basic work activities, such as handling." *Gay v. Astrue*, No. 8:09-cv-1957-T-17TGW, 2010 WL 4818380, at *1 (M.D. Fla. Nov. 15, 2010) (Kovachevich, J.). Thus, the ALJ "could not reasonably conclude that [Claimant] had a severe impairment of carpal tunnel syndrome, and also fail to find any limitations in [Claimant's] handling ability, and on remand the [ALJ] must address this inconsistency." *Id.*

Further, the ALJ's failure to build a logical bridge between the evidence and his conclusions is not harmless error because the ALJ found that Claimant could perform work in the national economy that, according to the *Dictionary of Occupational Titles* ("DOT"), requires frequent to constant handling. *See* DOT 209.587-010, 1991 WL 671797 (noting that job of "addresser" involves frequent handling and fingering); DOT 726.684.050, 1991 WL 679601 (noting that job of "film touch-up inspector" involves constant handling and fingering); DOT 574.685-010, 1991 WL 684012 (noting that job of "coater, brake linings" involves constant handling but no fingering); *see also Christine F. v. Saul*, No. 2:19CV359, 2020 WL 1673033, at *7 (N.D. Ind. Apr. 6, 2020) (citing *Spiva v. Astrue*, 628 F.3d 346, 353 (7th Cir. 2010)). Remand is warranted for the ALJ to conduct a function-by-function assessment of Claimant's physical abilities. *See Pupo v. Comm'r, Soc. Sec. Admin.*, 17 F.4th 1054, 1064-66 (11th Cir. 2021) (remanding because, *inter alia*, ALJ failed to conduct function-by-function assessment of claimant's physical abilities and because ALJ did not adequately consider claimant's incontinence in assessing her RFC). For these reasons, the Court remands this case for further proceedings.

## III.   CONCLUSION.

Despite finding that Claimant's carpal tunnel syndrome was a severe impairment, the ALJ neither included any manipulative limitations in the RFC assessment nor adequately explained their exclusion therefrom. Substantial

evidence thus does not support the Commissioner's final decision. *See Pupo*, 17 F.4th at 1066.

For the reasons stated above, it is **ORDERED** that:

1.   The final decision of the Commissioner is **REVERSED** and **REMANDED** pursuant to sentence four of 42 U.S.C. § 405(g); and

2.   The Clerk is directed to enter judgment for Claimant and close the case.

**DONE** and **ORDERED** in Orlando, Florida, on July 8, 2022.

*David A. Baker*
_____
DAVID A. BAKER
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

James W. Keeter, Esq.
James W. Keeter, PA
PO Box 196400
Winter Springs, FL 32719-6400

Roger B. Handberg
United States Attorney
John F. Rudy, III
Assistant United States Attorney
400 N. Tampa St.
Suite 3200
Tampa, FL 33602

John C. Stoner, Acting Regional Chief Counsel
Brian Seinberg, Acting Regional Deputy Chief Counsel
Nadine Elder, Branch Chief
W. Kevin Snyder, Assistant Regional Counsel

Social Security Administration
Office of the General Counsel, Region IV
Sam Nunn Atlanta Federal Center
61 Forsyth Street, S.W., Suite 20T45
Atlanta, Georgia 30303

The Honorable Bernard Porter
Administrative Law Judge
Office of Hearings Operations
Building 400, Suite 400
8880 Freedom Crossing Trail
Jacksonville, FL 32256-1224